| | |
|---|---|
| **Federal Defenders**<br>OF NEW YORK, INC. | Southern District<br>81 Main Street, Suite 300<br>White Plains, N.Y. 10601-4150<br>Tel: (914) 428-7124 Fax: (914) 948-5109 |
| David E. Patton<br>*Executive Director*<br>*and Attorney-in-Chief* | *Southern District of New York*<br>Jennifer L. Brown<br>*Attorney-in-Charge* |

January 23, 2023

The Honorable Andrew E. Krause
United States Magistrate Judge
Southern District of New York
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

      Re:    **United States v. Miguel Abreu**
                **22-MJ-5554**

Dear Honorable Krause:

     I am writing to ask that Your Honor please make several modifications to the terms of Mr. Abreu's release.

     First, I am writing to ask that Your Honor allow Mr. Abreu to travel to the Eastern District of Virginia on January 27, 2023. The purpose of the trip is to allow Mr. Abreu to accompany his long-term romantic partner (who is also the mother of Mr. Abreu's son, and who is pregnant with Mr. Abreu's second child) to Fredericksburg, Virginia to look for housing because she plans to relocate to Virginia to be closer to her mother.[1] If approved, Mr. Abreu would leave his home at 10pm on January 27th and would return to New York on January 31st. Mr. Abreu is needed for this trip because his romantic partner is unable to drive. *See* January 11, 2023 Letter (Letter from Medical Provider) (Exhibit A). I have communicated with Supervisory US Pretrial Services Officer Cynthia Labrovic Diaco, and she has no objection to this request (and Pretrial has confirmed that Mr. Abreu's location monitoring equipment will work in Virginia). I have also communicated with AUSA Kingdar Prussien, and he has no objection to this request.

     Second, I am writing to ask that Mr. Abreu's curfew be eliminated. As background, after Mr. Abreu's initial presentment he was subjected to a curfew which required that he be at his residence between 9:00pm and 7:30am. In September, the curfew was modified to accommodate Mr. Abreu's work schedule. *See* ECF # 13. As such, Mr. Abreu is currently required to be home between 11:30pm and 6:30am. This curfew is problematic because it impedes with Mr. Abreu's ability to see his family and friends, as Mr. Abreu's work schedule often has him working until 11:00pm. *See* August 2, 2022 Letter from Mr. Abreu's employer (Exhibit B). Additionally, the curfew prevents Mr. Abreu from seeking overtime, as his work occasionally gives him the option to work overtime but those shifts are not possible with an 11:00pm curfew. This curfew should

---

[1] Specifically, Mr. Abreu and his romantic partner would visit and stay with his partner's mother. Earlier this month, Mr. Abreu made a similar trip without incident. *See* ECF # 23.

be eliminated because it is unnecessary. Mr. Abreu has been compliant with the terms of his release and has maintained steady employment for over six-months. Moreover, if his curfew were removed Mr. Abreu would still be subjected to location monitoring which, while unnecessary, would alleviate any concerns the Court may still have.[2] I have communicated with Supervisory US Pretrial Officer Cynthia Labrovic Diaco, and Pretrial objects to this request. Similarly, AUSA Kingdar Prussien indicated that he objects to this request.

Third, if my motion to eliminate Mr. Abreu's curfew is denied, I ask that Mr. Abreu's curfew be suspended on February 25, 2023. This is necessary because Mr. Abreu is planning a birthday party for his son and after the celebration Mr. Abreu will be needed at the venue to help clean it up. I have communicated with Supervisory US Pretrial Officer Cynthia Labrovic Diaco, and Pretrial objects to this request. Similarly, AUSA Kingdar Prussien indicated that he objects to this request.

Fourth, if my motion to eliminate Mr. Abreu's curfew is denied, I ask that Mr. Abreu's curfew be suspended so that he can go to, and stay at, the hospital when his romantic partner goes into labor with his baby. As mentioned, Mr. Abreu's partner is pregnant and is expected to give birth in April, 2023. It is important that Mr. Abreu be at the hospital and that he be available to transport his partner to the hospital. As such, I ask that Mr. Abreu's curfew be eliminated when his partner goes into labor. I have communicated with Supervisory US Pretrial Officer Cynthia Labrovic Diaco, and Pretrial has no objection to this request. Similarly, AUSA Kingdar Prussien indicated that he does not object to this request.

Thank you for your consideration of this request.

Sincerely,

/s/
Benjamin Gold
Assistant Federal Defender

cc:   A.U.S.A Kingdar Prussien
      Supervisory US Pretrial Services Officer Cynthia Labrovic Diaco
      Pretrial Officer Kristina DePrimo

---

[2] According to Officer Labrovic, if the curfew were removed Mr. Abreu would be subjected to stand alone location monitoring enforced by GPS.

Mr. Abreu's application to modify the terms of his pretrial release is GRANTED IN PART AND DENIED IN PART.

(1) The first request, for Mr. Abreu to travel to the Eastern District of Virginia, leaving on January 27, 2023 at 10:00 p.m. and returning to New York on January 31, 2023, is GRANTED.

(2) The second request, to eliminate Mr. Abreu's 11:30 p.m. to 6:30 a.m. curfew "because it impedes with Mr. Abreu's ability to see his family and friends" and "prevents Mr. Abreu from seeking overtime," is DENIED. The curfew that was imposed at the time of Mr. Abreu's bail hearing was a component of the conditions that the Court believed were the least restrictive requirements necessary to reasonably ensure Mr. Abreu's appearance and the safety of the community. That curfew was subsequently relaxed, at Mr. Abreu's request, to accommodate his long work hours. While the Court is pleased to know that Mr. Abreu has been in compliance with the conditions of his pretrial release, that compliance is not sufficient to convince the Court that the curfew is no longer necessary, particularly in light of the objection raised by Pretrial Services. Mr. Abreu is not without options to see friends and family—he can do so on days when his work hours are not quite as long, or he can do so during his limited curfew hours if he sees those friends and family at his home. To the extent Mr. Abreu knows in advance of overtime opportunities on certain days that exceed the 17-hour window that he is permitted to be out of his home for work purposes, nothing in this order precludes him from submitting specific, narrow requests for modifications for overtime on those occasions.

(3) The third request, for Mr. Abreu's curfew to be suspended on February 25, 2023 so that he can clean up the birthday party venue after the celebration is DENIED. Again, given the 17-hour non-curfew window and the fact that the party is still more than one month away, accommodations should be made to conclude the party in time for Mr. Abreu to comply with his curfew requirements, or to find other volunteers to assist with the post-celebration cleanup.

(4) The fourth request, for Mr. Abreu's curfew to be suspended so that he can go to, and stay at, the hospital when his romantic partner goes into labor, is GRANTED. Mr. Abreu must contact Pretrial Services as soon as practicable to let the appropriate officer or supervising officer know that his partner has gone into labor so that Pretrial Services can clearly understand when this period of the suspension has commenced.

The Clerk of Court is directed to terminate the motion at ECF No. 25.

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

Dated: January 23, 2023